UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
ARTHUR J. RIEL,

               Plaintiff,          06 CV 5801 (TPG)

    - against -              **OPINION**

MORGAN STANLEY and MORGAN
STANLEY & CO., INC.

              Defendants.
------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/09

      Plaintiff Arthur J. Riel brings this suit against Morgan Stanley & Co., Inc., and its parent company Morgan Stanley, alleging a single cause of action for retaliation under the Sarbanes-Oxley Act. 18 U.S.C. § 1514A.

      Defendants now move pursuant to Fed. R. Civ. P. 12(c) to dismiss the complaint under the doctrine of res judicata. In the alternative, defendants move to strike the complaint on the ground that it fails to comply with the requirements of Fed. R. Civ. P. 8.

      The motion to dismiss the complaint as barred by res judicata is granted.

## FACTS

The following facts are not in dispute. Riel was employed by Morgan Stanley & Co. from September 2000 until September 2005 as the Executive Director of the Law IT Department. Morgan Stanley and Morgan Stanley & Co. will hereinafter be referred to collectively as Morgan Stanley or defendants. This action and the related action, which is claimed to operate as res judicata in this suit, both arise out of Morgan Stanley's termination of Riel's employment.

Following his termination from Morgan Stanley, Riel filed a complaint on December 23, 2005 with the United States Department of Labor, Occupational Safety and Health Administration ("OSHA"), asserting a claim of retaliation under the Sarbanes-Oxley Act ("SOX"). While this claim was being investigated, Riel commenced an action in this court, in January 2006, asserting eight common law causes of action arising from his employment and termination. Riel v. Morgan Stanley, No. 06 Civ. 524 (S.D.N.Y.) (TPG) ("Riel I"). The claims asserted in Riel I were based on essentially the same operative facts plaintiff had relied on in his SOX complaint before OSHA.

Because OSHA did not issue a final decision on Riel's SOX claims within 180 days of the date Riel had filed his complaint, Riel was entitled to bring his claims in federal district court. 18 U.S.C. § 1514A(b)(1)(B). By letter dated June 22, 2006, Riel provided OSHA and Morgan Stanley with notice of his intent to pursue his SOX claims in court.

Nevertheless, on June 30, 2006, the Department of Labor issued its Secretary's Findings and Order, and dismissed Riel's SOX complaint on the merits. Shortly thereafter, on July 31, 2006, while Riel I was pending, Riel commenced the present action, asserting a single cause of action for retaliation under SOX ("Riel II"). The complaint in Riel II relied on essentially the same facts plaintiff had relied on in his complaint in Riel I, and the parties are identical in Riel I and Riel II.[1]

On August 10, 2006, the undersigned judge accepted Riel II as related to Riel I, and on August 22, 2006, Morgan Stanley filed a motion to strike the complaint in Riel II for failure to comply with the requirements of Fed. R. Civ. P. 8.

On February 16, 2007, the court granted Morgan Stanley's motion (which had been filed March 8, 2006) to dismiss seven of the eight counts in Riel I, so that only one count (Count III for breach of contract) remained. Later, at a hearing held on May 2, 2007, the court granted Morgan Stanley's motion to strike the remaining count in Riel I for failure to comply with Fed. R. Civ. P. 8, but granted Riel leave to file an amended complaint that repled only this remaining cause of action for breach of contract.

---

[1] At the time Riel commenced the action in Riel II, Morgan Stanley had not yet answered the complaint in Riel I. Thus Riel could have amended his complaint in Riel I, as a matter of right, and added his SOX claim. Fed. R. Civ. P. 15. While Riel claims that SOX indicates that commencement of a new action is appropriate in the event that the Department of Labor does not issue a final decision on a SOX claim within 180 days, there is nothing in the statute that requires a plaintiff to commence a new, separate action when another similar action is already pending before a court.

Following this hearing, Riel submitted a proposed order and letter to the court on May 4, 2007. The letter stated, in relevant part:

> We write in reference to Your Honor's rulings at the hearing on May 2, 2007 in the above-referenced action. As described below, we are concerned that the Court's Order granting Morgan Stanley's motion to dismiss plaintiff's Amended Complaint does not adequately protect plaintiff's right to seek appellate relief in the Court of Appeals. As such we enclose herewith a revised proposed order ("Revised Proposed Order") which we submit more expressly protects plaintiff's right of appeal.
>
> ***
>
> Plaintiff's Revised Proposed Order expressly provides for dismissal of the remaining count of the Complaint should plaintiff choose <u>not</u> to amend his Complaint, as is his right. The combined effect of the dismissal of Count 3 with the Court's previous dismissal of the other seven counts of the Complaint would result in an adjudication upon the merits of plaintiff's entire case under Fed. R. Civ. P. 41(b), thus affording plaintiff the finality necessary to appeal <u>both</u> Orders of dismissal. Only with the addition of express language to this effect is plaintiff's right to appeal the dismissal of all counts of the original Complaint expressly preserved.

On May 7, 2007, the court entered an order that ruled, in relevant part, "the Complaint is dismissed unless plaintiff files an Amended Complaint with respect to the matters previously alleged with respect to Count 3 within 30 days of this Order."

In response to this order and Riel's May 4, 2007 letter, which indicated that Riel might invite early dismissal in order to appeal, Morgan Stanley filed, on May 14, 2007, a motion to consolidate Riel I and

Riel II. Specifically, the motion sought to consolidate the remaining count in Riel I and the single SOX count in Riel II. In its memorandum of law in support of the motion, Morgan Stanley argued that because the actions in Riel I and Riel II arise from essentially the same facts and involve the same parties, permitting Riel to take an immediate appeal of this court's orders dismissing the counts in Riel I, while continuing to pursue his claim in Riel II, would amount to an improper interlocutory appeal. Morgan Stanley also asserted in a footnote in its brief that "these cases are so related that in the event that Plaintiff chooses not to amend the Complaint in Riel I and, instead, permits the dismissal of his remaining count in Riel I, such dismissal will constitute a final adjudication upon the merits of Plaintiff's entire case, and the judgment in Riel I would have preclusive effect upon Riel II."

On May 18, 2007, four days after Morgan Stanley's motion to consolidate and before the 30-day period to amend had expired, Riel filed a Notice of Appeal in Riel I, in which he stated that he "expressly disclaims any intention to avail himself of the leave granted by the District Court to amend the dismissed Complaint." Riel sought to appeal this court's February 16, 2007 opinion and May 7, 2007 order.

On May 23, 2007, Riel filed a motion to stay Riel II pending the outcome of his appeal in Riel I. Riel argued that a stay was necessary to prevent Morgan Stanley from filing a motion to dismiss based on res judicata, which Riel deemed meritless. On June 11, 2007, Morgan

Stanley joined Riel's motion to stay the action in Riel II. Morgan Stanley indicated that now that Riel had filed a Notice of Appeal in Riel I, it would be inefficient to proceed in Riel II until the appeal was completed. Morgan Stanley also stated that if "the judgment in Riel I is affirmed, Defendants reserve the right to move to dismiss Riel II on the grounds that it is precluded, under res judicata, by the judgment in Riel I, particularly in light of Plaintiff's voluntary decision to incur the judgment in Riel I after having been placed on notice that the judgment in Riel I will preclude Riel II." On September 6, 2007, this court stayed Riel II pending the outcome of the appeal in Riel I. In view of the stay, the court denied Morgan Stanley's August 22, 2006 motion to strike Riel II with leave to renew.

On November 10, 2008, the Second Circuit affirmed this court's judgment in favor of Morgan Stanley in Riel I. On February 19, 2009, this court denied Morgan Stanley's earlier motion to consolidate Riel I and Riel II given the appeal proceedings that had occurred since the time of that motion.

The current motion to dismiss Riel II on the ground of res judicata and alternatively to strike the complaint for failure to comply with Rule 8 was filed on January 30, 2009.

## DISCUSSION

The same standards apply to a Rule 12(c) motion for judgment on the pleadings and to a Rule 12(b)(6) motion to dismiss for failure to state

a claim. Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). The court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). In deciding the motion, the court can consider documents referenced in the complaint, as well as "matters of which judicial notice may be taken." See Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999). Thus, in this case, it is proper to consider the proceedings in Riel I, Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991), and the Secretary's Findings and Order from plaintiff's proceeding before the Department of Labor, Golden Hill Paugussett Tribe of Indians v. Rell, 463 F. Supp. 2d 192, 197 (D. Conn. 2006).

Defendants move pursuant to Fed. R. Civ. P. 12(c) to dismiss the complaint in Riel II under the doctrine of res judicata, because plaintiff could have raised his SOX claim in Riel I.

Where, as in this case, a New York federal court exercising diversity jurisdiction entered the prior judgment that is claimed to operate as res judicata in this suit, New York law governs the issue of res judicata. As the Supreme Court articulated in Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001), while federal common law determines the preclusive effect of a judgment by a federal court sitting in diversity, courts should in such a diversity case adopt as the

Case 1:06-cv-05801-TPG   Document 36   Filed 08/06/09   Page 8 of 15

8

federal common law rule of res judicata the rule that would be applied by state courts in the state in which the federal court is located.

However, New York follows the generally accepted rules regarding res judicata. The doctrine of res judicata, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980); Balderman v. U.S. Veterans Admin., 870 F.2d 57, 62 (2d Cir. 1989). New York has adopted a transactional approach to res judicata, under which parties to the prior action or those in privity with them are barred from raising in a subsequent proceeding any claim they could have raised in the prior one, where all of the claims arise from the same underlying transaction or series of transactions, even if the claims are based upon different legal theories. Cowan v. Ernest Codelia, P.C., 149 F. Supp. 2d 67, 73 (S.D.N.Y. 2001).

This rule usually applies where a plaintiff brings an action, loses to the defendant, and subsequently brings another action involving the same basic facts but perhaps on a new theory. Res judicata bars the new action since it has a close factual connection to the first and could have been brought as part of the first. The present case involves a different situation. Plaintiff commenced Riel I in January 2006, and while this action was pending, he commenced Riel II in July 2006. The two actions were thereafter pending together for a substantial time under

Case 1:06-cv-05801-TPG   Document 36   Filed 08/06/09   Page 9 of 15

9

the circumstances described earlier. This case therefore deals with what is called claim splitting.

The Supreme Court has stated that principles "of res judicata and collateral estoppel caution the civil plaintiff against splitting his case." Ashe v. Swenson, 397 U.S. 436, 456 (1970) (Brennan, J. concurring). This is because it is a "well-established rule that a plaintiff cannot avoid the effects of res judicata by 'splitting' his claim into various suits, based on different legal theories." Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 110 (2d Cir. 2000). Thus, "when two actions are pending which are based on the same claim, or which involve the same issue, it is the final judgment first rendered in one of the actions which becomes conclusive in the other action ..., regardless of which action was first brought." Giragosian v. Ryan, 547 F.3d 59, 63 (1st Cir. 2008).

Section 26(1)(a) of the Restatement (Second) of Judgments recognizes an exception to the general rule prohibiting claim splitting and applying res judicata to such claims where the "parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein." Comment a to § 26(1)(a) of the Restatement elaborates on the meaning of acquiescence:

> Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim.

While the New York Court of Appeals has not expressly adopted the Restatement's acquiescence rule, one decision in the Southern District of New York has held that the New York Court of Appeals would adopt this Restatement approach were the issue before it, and therefore the Restatement position is an accurate statement of the law in New York. See Cowan v. Ernest Codelia, P.C., 149 F. Supp. 2d 67, 75-76 (S.D.N.Y. 2001).

Plaintiff cites a number of cases where courts have held that defendants acquiesced in the splitting of plaintiffs' claims and were therefore not permitted to assert the defense of res judicata based on the result in one of the actions. However, in these cases, defendants never objected to plaintiffs' claim splitting prior to the entry of judgment in one of the related actions, and in some cases, defendants affirmatively represented that they had no objections to the actions proceeding separately.

Cowan v. Ernest Codelia, P.C., supra, was such a case. Plaintiff filed two actions, one in federal court and one in state court, based on the same alleged conduct by defendants. The two cases proceeded concurrently for over a year until judgment was entered against the plaintiff in the state court action. Only at this point did defendants move for judgment on the pleadings in the federal action based on res judicata. Id. The court held that the defendants had acquiesced in the splitting of plaintiff's claims between federal and state court, because "despite

having ample opportunity to do so, the defendants did not at any time object to Ms. Cowan's splitting of her claims <u>prior to entry of judgment</u> in the State Court Action." <u>Id.</u> at 76 (emphasis added).

Similarly, in <u>Kendall v. Avon Prods., Inc.</u>, 711 F. Supp. 1178, 1179-80 (S.D.N.Y. 1989), plaintiff filed a complaint with the New York State Division of Human Rights ("DHR") and also commenced an action in federal court, based on similar facts. When plaintiff's complaint before the DHR was dismissed, plaintiff sought state court review, and the Appellate Division affirmed the DHR's determination. <u>Id.</u> at 1180. At that point, the defendant filed a motion for summary judgment in the federal action on the ground that the state court judgment precluded the federal action. <u>Id.</u> The court held that the defendant had effectively acquiesced in plaintiff's splitting of her discrimination claim between federal and state courts, because the "defendant did not at any time in either action object to plaintiff's claims on the basis that another action was pending based on the same claim." <u>Id.</u> at 1182. The court also noted that the defendant had stated in the DHR proceedings that it would defend against the federal action separately. <u>Id.</u>

In <u>Imperial Constr. Mgmt. Corp. v. Laborers Int'l Union of N.A. Local 96</u>, 729 F. Supp. 1199, 1203-04 (N.D. Ill. 1990), plaintiff Imperial Construction Management Corporation filed two actions in federal court based on similar facts. The two actions proceeded concurrently for over two years, at which point the plaintiff and the defendants agreed that the

plaintiff would dismiss one action with prejudice in exchange for the defendants' agreement not to seek sanctions. Id. at 1204. Once that action was dismissed, defendants moved for judgment on the pleadings in the remaining action on the ground of res judicata. Id. The court held that defendants had acquiesced to plaintiff's claim splitting, because they did not raise their claim-splitting objection "until after judgment was entered" in one of the actions. The court noted that had the defendants raised their objection to claim splitting sometime after the plaintiff had commenced the second, related action, the plaintiff may not have agreed to dismiss with prejudice the first action. Id. at 1207. See also Barreto-Rosa v. Varona-Mendez, 470 F.3d 42, 46 (1st Cir. 2006), where an employer consented to the claim splitting when he made affirmative statements acknowledging that the claims in federal court would proceed and also failed to object to the claim splitting at any point in the litigation.

Neither party has provided the court with a case that deals with the specific issue in this action where a defendant has objected to claim splitting prior to the entry of judgment in either of the related actions, but still some time after the commencement of the second, parallel action. Nevertheless, an examination of the cases that have applied the acquiescence rule suggests that if a defendant (1) raises an objection to claim splitting prior to the entry of a final judgment in either of the related cases and (2) does not affirmatively represent that he consents to

the actions proceeding separately, courts should not find that the defendant has acquiesced in the splitting of the claims and waived the res judicata defense. This seems like a logical interpretation, because an objection raised prior to the entry of any final judgment puts the plaintiff on notice of the claim splitting problem and potential res judicata implications of inviting judgment against himself in one of the parallel actions. The plaintiff has the opportunity to take steps to preserve his claims by an orderly consolidation.

In the instant case, there is no genuine dispute that (1) the dismissal of the Riel I action constituted a final judgment on the merits, (2) that Riel I involved the same parties as this case, and (3) that the claims in Riel I arose out of the same underlying transactions as the claims in this case. Judgment was entered in Riel I. The general rule <u>against</u> claim splitting would mean that Riel II could not continue and that the judgment in Riel I would have res judicata effect barring Riel II.

Plaintiff's <u>only</u> argument against this conclusion is that defendants acquiesced in the claim splitting – <u>i.e.</u>, acquiesced in the separate prosecution of Riel II and waived their res judicata rights. Plaintiff relies on the various cases discussed above, where acquiescence was found.

However, the fact is that defendants did not acquiesce. They gave plaintiff due notice that they would treat a judgment in Riel I as covering the "entire case," and as having "preclusive effect upon Riel II" if the claim in Riel II were not brought into Riel I. Defendants did this in their

motion to consolidate Riel I and Riel II. As described earlier, this motion was made during the 30-day period when plaintiff had the opportunity to amend the complaint in Riel I. Thus plaintiff was both warned of the possible res judicata bar of Riel II and could have included the Riel II claim in Riel I either by amending the complaint in Riel I or agreeing to consolidate. All this is clear from the presentation of defendants in their consolidation motion, in which they stated that "in the event that plaintiff chooses not amend the complaint in Riel I and, instead, permits the dismissal of his remaining count in Riel I, such dismissal will constitute a final adjudication upon the merits of plaintiff's entire case, and the judgment in Riel I would have preclusive effect upon Riel II." This warning was disregarded by plaintiff, who was obviously bent on perfecting a quick appeal from the rulings in Riel I. When it was evident that plaintiff was not going to amend the complaint in Riel I to remedy the deficiencies in Count III found by the court, final judgment was, of course, entered in Riel I.

Riel's subsequent motion to stay Riel II pending the outcome of the Riel I appeal was consented to by defendants, with an express reservation of "the right to move to dismiss Riel II on the ground that it is precluded under res judicata, by the judgment in Riel I."

The facts in the present case do not present the kind of acquiescence to claim splitting found in the cases which apply that

exception to the normal rule against claim splitting. Defendants did not acquiesce. They did the direct opposite.

## CONCLUSION

The court rules that the judgment in Riel I bars Riel II under the doctrine of res judicata, and Riel II is dismissed.

Dated: New York, New York
August 5, 2009

SO ORDERED

_____
Thomas P. Griesa
U.S.D.J.